UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEWAYNE BREWER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:14CV00942 AGF |
| ) | |
| LVNV FUNDING, LLC, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

This action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and state tort law for abuse of process is before the Court on Defendant LVNV Funding, LLC's ("LVNV") motion to dismiss Plaintiff Dewayne Brewer's first amended complaint for failure to state a claim.  For the reasons set forth below, the motion shall be denied with respect to Plaintiff's FDCPA claims and granted with respect to his state claim.

# BACKGROUND

Plaintiff alleges that at all relevant times, he owed HSBC in excess of $7,000 on an HSBC revolving credit account.  On December 17, 2013, LVNV, which according to Plaintiff is in the business of debt collection, filed a breach of contract action against Plaintiff in Missouri state court, ostensibly to collect the HSBC debt.  Attached to the

petition was an "Affidavit of Debt."[1]  Plaintiff retained counsel and the case was set for trial on May 5, 2014, but on May 2, 2014, LVNV dismissed the action.  Plaintiff alleges that LVNV knew that it did not have any evidence to support its claim, and that the purpose of the collection action was, consistent with LVNV's practice and pattern, to obtain a default or consent judgment against Plaintiff.

Plaintiff claims that under these circumstances, bringing and maintaining the state collection lawsuit violated §§ 1692d and 1692e(5) of the FDCPA, and constituted abuse of process under Missouri law.  LVNV argues that, as a matter of law, its filing and voluntary dismissal before trial of the Missouri collection action cannot serve as the basis for Plaintiff's FDCPA claims.  LVNV further argues that Plaintiff failed to state a claim for abuse of process.[2]

## DISCUSSION

To survive a motion to dismiss for failure to state a claim, a plaintiff's claims must contain sufficient factual matter, which when accepted as true, states a claim for relief "'that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster; this standard "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.  The court must accept the plaintiff's factual

---

[1]   Neither party provided the Court with a copy of the state court petition or "Affidavit of Debt."

[2]   Plaintiff named as a second Defendant in this action the law firm that filed the state collection action on behalf of LVNV.  These claims have been settled.

allegations as true and construe them in the plaintiff's favor, but is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc. v. Lukien Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). A court must "'draw on its judicial experience and common sense,'" and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (quoting *Iqbal,* 556 U.S. at 678).

"The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, . . . and debt collectors are liable for failure to comply with any provision of the Act." *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1000 (8th Cir. 2011). Section 1692d of the FDCPA provides that "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any debt." Section 1692e(5) provides that a debt collector may not threaten "to take any action that cannot legally be taken or that is not intended to be taken." The Act's prohibitions apply to collection efforts through litigation but also seek to preserve the judicial remedies of creditors. *Hemmingsen v. Messerli & Kramer, P.A.,* 674 F.3d 814, 818 (8th Cir. 2012).

The Court believes that LVNV's reliance on *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324 (6th Cir. 2006), is unavailing. In *Harvey*, the plaintiff alleged that the defendants filed suit "without having on hand at the time of filing the means to prove the complaint." *Id*. at 327-28. The Sixth Circuit held that the filing of a debt-collection suit without having immediate means of proving the debt did not constitute a deceptive

practice under FDCPA.  *Id*. at 332.  Here, Plaintiff's allegations, taken as true, are that LVNV knew it had no evidence with which to establish its claim, and further, lacked the intention to do so.  The Court will follow those courts that have found that allegations like Plaintiff's do state a FDCPA claim.  *See Hinten v. Midland Funding, LLC*, No. 2:13 CV 54 DDN, 2013 WL 5739035, at *7-10 (E.D. Mo. 2013) (distinguishing *Harvey*); *Prince v. LVNV Funding, LLC*, No. 2:13-CV-462-WKW, 2014 WL 3361912, at *7-9 (M.D. Ala. July 9, 2014) (collecting cases); *Samuels v. Midland Funding, LLC*, 921 F. Supp. 2d 1321, 1330 (S.D. Ala. 2013); *Kuria v. Palisades Acquisition XVI, LLC*, 752 F. Supp. 2d 1293 (N.D. Ga. 2010).  It may be that LVNV will prevail on Plaintiff's FDCPA claims on summary judgment, but the Court concludes that the motion to dismiss these claims must be denied.

    The Court concludes, however, that taking the allegations in the amended complaint as true, Plaintiff has failed to state a claim for abuse of process under Missouri law.  For such a claim, a plaintiff must establish that "(1) the present defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the defendant had an improper purpose in exercising such illegal, perverted or improper use of process; and (3) damage resulted."  *Ritterbusch v. Holt*, 789 S.W.2d 491, 493 (Mo. 1990).   "[T]he objectives of obtaining a default judgment or inducing a settlement are not outside the regular purview of process," thus Plaintiff has not stated a claim for abuse of process.  *See Hinton*, 2013 WL 5739035, at *10.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant LVNV Funding, LLC's motion to dismiss for failure to state a claim is **DENIED** with respect to Plaintiff's FDCPA claims and **GRANTED** with respect to Plaintiff's state law claim for abuse of process. (Doc. No. 35.)

                                                 _____
                                                 AUDREY G. FLEISSIG
                                                 UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2014.